IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SUSAN SIMS,

    Plaintiff,

v.                                                                                                                              Civ. No. 25-153 MIS/GBW

SIERRA PROPANE, INC.,

    Defendant.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITON**

THIS MATTER comes before the undersigned pursuant to the Honorable Margaret I. Strickland's order of reference, *doc. 9*, on Plaintiff's Motion for Default Judgment (the "Motion"), *doc. 8*. Having reviewed the Motion and being otherwise fully advised, I RECOMMEND that the Court DENY it based on Plaintiff's failure to properly serve Defendant's registered agent.

**I.**     **BACKGROUND**

Plaintiff filed this action on February 13, 2025, against Defendant Sierra Propane, Inc., asserting claims under the Fair Labor Standards Act, the New Mexico Minimum Wage Act, and for breach of contract. *See doc. 1*. Plaintiff alleges that Defendant failed to pay her the agreed wage of $15 per hour for work she had previously performed on its behalf. *See generally id*.

On February 13, 2025, the Clerk issued a summons as to Defendant. The following day, Plaintiff filed a Certificate of Service stating that, "on February 14, 2025,

1

Defendant Sierra Propane, Inc. was served with a copy of the Summons and Complaint [Doc #1] in this case." *Doc. 3*. The Certificate of Service included no supporting documentation—such as an affidavit of service or executed summons—to establish that service was properly effected. *See generally id*.

On March 11, 2025, Plaintiff filed a Request for Clerk's Entry of Default based on Defendant's failure to file a responsive pleading within 21 days of the alleged service date of February 14, 2025. *Doc. 4*. On March 12, 2025, the Clerk entered default against Defendant pursuant to Federal Rule of Civil Procedure 55(a). *Doc. 7*. Plaintiff filed the instant Motion for Default Judgment on March 27, 2025. *Doc. 8*. On April 1, 2025, Judge Strickland referred the Motion to the undersigned and, in doing so, observed that, "[a]t a minimum, Plaintiff has not satisfied the Court that proper service was effectuated on Defendant. Therefore, the clerk's entry of default is not appropriate at this time . . . " *Doc. 9*.

That same day, Plaintiff filed a Notice to Address Court Order [Doc. #9] in Response to Judge Strickland's concern regarding the sufficiency of service. *Doc. 10*. In the Notice, Plaintiff states that "Defendant was served the Summons and Complaint via Federal Express (direct signature required) . . . at the address of Defendant's Registered Agent (Carroll Mick), 12235 Maricopa Rd. NE[,]" and that the "Summons and Complaint were signed [by] "TMICK" [], which is consistent with Defendant's Registered Agent, Carroll Mick[.]" *Id*. ¶ 3. Plaintiff attaches as an exhibit the Federal

2

Express ("FedEx") proof of delivery, which confirms that the Summons and Complaint were signed for by "TMICK" on February 14, 2025. *See doc. 10-2*. Plaintiff also includes three separate proofs of delivery, each confirming that Plaintiff's Request for Clerk's Entry of Default, the Clerk's Entry of Default, and Plaintiff's Motion for Default Judgment were received and signed for by "CMICK" at 12235 Maricopa Rd. NE. *See docs. 10-5, 10-9, 10-11*. In addition, Plaintiff attaches documentation from the new Mexico Secretary of State identifying Carroll Mick as Defendant's registered agent, located at 12235 Maricopa Rd. NE in Deming, New Mexico. *Doc. 10-3*.

## II.   LEGAL STANDARDS

A court must enter default judgment against a party against whom a judgment for affirmative relief is sought who has failed to plead or otherwise defend, as evidenced by an affidavit or other proof. *See* Fed. R. Civ. P. 55(a). Entry of default alone is not sufficient to enter a default judgment. *Bixler v. Foster*, 596 F.3d 751, 762 (10th Cir. 2010). Once a default is entered, the court must determine that it has jurisdiction, that the unchallenged facts establish liability based on a legitimate cause of action, and that the party is entitled to the relief requested. *See id*. at 761-62; *Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1203 (10th Cir. 1986) ("[W]hen entry of a default judgment is sought against a party who has failed to plead or otherwise defend, the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties.").

Proper service of process is a prerequisite to a court's exercise of jurisdiction and its ability to render a binding judgment against a defendant. *See Nunez v. New Mexico Corr. Dep't*, 2019 WL 2370140, *4 (D.N.M. June 5, 2019) (citing *Ortiz v. Shaw*, 193 P.3d 605, 611 (N.M. Ct. App. Aug. 21, 2008)); *see also Deville v. Wilson*, 208 F. App'x 629, 631 (10th Cir. Dec. 11, 2006) ("Undisputedly, absent good service, the Court has no *in personam* or personal jurisdiction over a defendant" to enter default judgment). The burden of establishing validity of service is on the plaintiff. *See Fed. Deposit Ins. Corp. v. Oaklawn Apartments.*, 959 F.2d 170, 174 (10th Cir. 1992). Accordingly, because proper service is required to establish jurisdiction, and the plaintiff bears the burden of proving that service was effectuated, the Court may not enter default judgment where that burden has not been met.

### III.   ANALYSIS

The Federal Rules of Civil Procedure govern service of process in federal court. Under Rule 4(h)(1), a domestic corporation may be served within a judicial district of the United States either (A) in the manner prescribed by Rule 4(e)(1) for serving an individual—*i.e.*, by following the law of the state where the district court is located or where service is made—or (B) by delivering a copy of the summons and complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process. Fed. R. Civ. P. 4(h)(1). If the agent is authorized

by statute and the statue requires it, a copy must also be mailed to the defendant.  Fed. R. Civ. P. 4(h)(1)(B).

In New Mexico, Rule 1-004(G) NMRA governs service of process on business entities, including domestic corporations.  *See* NMRA 1-004(G)(1).  NMRA Rule 1-004(G)(1)(a) allows service on a corporation by delivering process to an officer, a managing or general agent, or any other agent authorized by appointment, by law, or by rule to receive service of process.  NMRA 1-004(G)(1)(a); *see also Aranda v. Foamex Int'l*, 884 F.Supp.2d 1186, 1212 n.13 (D.N.M. July 11, 2012) ("New Mexico law permits service to be made upon a designated agent.").  Rule 1-004(G)(3) permits service by mail or commercial courier service as provided in NMRA Rule 1-004(E)(3).  NMRA 1-004(G)(3).  NMRA 1-004(E)(3) states that service may be accomplished by commercial courier service if the envelope is addressed to the named defendant and the summons and complaint are signed for by the defendant or by a person authorized by appointment, law, or rule to accept service of process on the defendant's behalf.  NMRA 1-004(E)(3).  Service is deemed complete on the date the receipt is signed.  *Id*.  Accordingly, where a plaintiff attempts to serve a domestic corporation via its registered agent using commercial courier service, service is only effective if the registered agent—or another person authorized to accept service on the corporation's behalf—signs for the delivery.

Here, the undersigned recommends that the Court deny Plaintiff's Motion because the record does not reflect that Defendant's registered agent, Carroll Mick, signed for the summons and complaint. Rather, the record shows that an individual identified as T. Mick received and signed for the documents. *See doc. 10-2*. Plaintiff has not demonstrated that T. Mick is an officer, managing or general agent, or otherwise authorized to accept service of process on Defendant's behalf. *See Roybal v. Roybal*, 2010 WL 3971587 (N.M. Ct. App. Jan. 6, 2010) (finding service ineffective where an envelop was properly addressed, but the individual who signed the delivery receipt was not shown to be authorized to accept service). Although the record reflects that Carroll Mick has received and signed for other filings in this matter, Plaintiff has not shown that such receipt constitutes sufficient notice of the lawsuit or imposes an obligation on Defendant to respond to the complaint.[1] *See State ex rel. McGill v. Bassett*, 528 P.3d 739, 744 (N.M. Ct. App. Feb. 21, 2023) ("New Mexico has long held that actual knowledge of a lawsuit is not a substitute for service of process."). Because Plaintiff has not established that T. Mick was authorized to accept service and has not demonstrated that Carroll Mick's receipt of other filings satisfies the requirements for proper service, the undersigned recommends that the Court deny Plaintiff's Motion.

---

[1] The Court notes that the FedEx receipts signed by Carroll Mick indicate the signature "CMICK," further suggesting that "TMICK," who signed for the summons and complaint, is a different individual despite Plaintiff's contention otherwise. *See doc. 10 ¶ 3; see also docs. 10-5, 10-7, 10-9, 10-11.*

## IV. CONCLUSION

IT IS THEREFORE RECOMMENDED that the Court DENY Plaintiff's Motion for Default Judgment (*doc. 8*).

IT IS FURTHER RECOMMENDED that the Court SET ASIDE and VACATE the Amended Clerk's Entry of Default (*doc. 7*) pursuant to Federal Rule of Civil Procedure 55(c), as Plaintiff has failed to demonstrate that service of process was properly effectuated.

_____
GREGORY B. WORMUTH
CHIEF UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**