**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

SUSAN SIMS,

     Plaintiff,

v.

                            Case No. 2:25-CV-00153-MIS-GBW

SIERRA PROPANE, INC.,

     Defendant.

**ORDER DENYING WITHOUT PREJUDICE
MOTION TO RE-OPEN CASE FOR POST JUDGMENT DISCOVERY**

THIS MATTER is before the Court on Plaintiff's Motion to Re-Open Case for Post Judgment Discovery filed on December 1, 2025 ("Motion"). ECF No. 24. For the reasons that follow, the Court will DENY WITHOUT PREJUDICE Plaintiff's Motion.

Default judgment in the amount of $41,436.00, with accruing interest, was entered against Defendant on June 25, 2025. ECF No. 21 at 2. Plaintiff certified to the Court that on June 26, 2025, Defendant was served via U.S. mail and electronic mail a copy of the Default Judgment. ECF No. 22. Final judgment was entered on July 9, 2025, and this case was closed. ECF No. 23. Pursuant to Federal Rule of Civil Procedure 69(a)(2), Plaintiff moves the Court for an order reopening her case so that she may conduct post-judgment discovery as, "[t]o date, Plaintiff has not received any money due under the Judgment." Mot. at 1.

Rule 69(a) provides:

**(a) In General.**

    **(1)** *Money Judgment; Applicable Procedure*. A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution--and in proceedings supplementary to and in aid of judgment or execution--must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.

(2) ***Obtaining Discovery***. In aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person--including the judgment debtor--as provided in these rules or by the procedure of the state where the court is located.

Plaintiff's Motion does not provide particular reasons for why discovery is needed or what she is looking for from Defendant in order to execute her judgment. *Cf. Mohon v. Spiller*, Case No. 1:22-cv-00108 DHU-LF, 2024 WL 4635198, at *1 (D.N.M. Oct. 31, 2024) (granting motion to compel discovery in aid of judgment where plaintiff sought specific "discovery to determine what property is owned by" the defaulting party); *see also Env't Dimensions, Inc. v. EnergySolutions Gov't Grp., Inc.*, CV 16-1056 KWR/JHR, 2022 WL 194385, at *2 (D.N.M. Jan. 21, 2022) ("The purpose of post-judgment discovery is to learn information relevant to the existence or transfer of the judgment debtor's assets." (internal quotation marks and citation omitted)). Further, Plaintiff does not articulate the status of a writ of execution, or whether such writ has been sought in accordance with the laws of the State of New Mexico. *See* Fed. R. Civ. P. 69(a)(1). As such, the Court will deny without prejudice Plaintiff's Motion.

**IT IS ORDERED** that Plaintiff's Motion to Re-Open Case for Post Judgment Discovery, ECF No. 24, is **DENIED WITHOUT PREJUDICE**.

_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE